.THE A. SHERMAN LUMBER COMPANY, Respondent, *v.* THE KILDARE CLUB and Others, Appellants.

Third Department, March 14, 1919.

**Injunction — action to restrain interference with plaintiff's use of alleged public highway running through defendants' property — right of defendants to have undertaking increased.**

Where in an action by a lumbering corporation to restrain the defendants from interfering with the plaintiff's use of an alleged public highway running through the defendants' property, it appears that the only purpose of the litigation is the enjoining of the defendants from interfering with the use of the roadway by the plaintiff in carrying on its private business, and that the defendants have a good defense to the alleged cause of action, the plaintiff may be ordered to increase its under-

taking to such an extent as to insure justice to the defendants if their contention is right, since they are limited to the amount of said undertaking for any damages which may be sustained by them in connection with the action and injunction.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, The Kildare Club and others, from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of St. Lawrence on the 29th day of October, 1918, denying defendants' motion for an increase in the security given upon the injunction issued in this action.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the appellant Kildare Club.

*Snyder, Cristman & Earl* [*Charles E. Snyder* of counsel], for the appellants Lehman and Ehrich.

*Thomas Spratt* and *George E. Van Kennen*, for the respondent.

WOODWARD, J.:

The plaintiff, a domestic corporation engaged in lumbering, paper and pulp manufacturing, brings this action to restrain the defendants, owners and lessees of a gaming and fishing preserve in the Adirondacks, from interfering with the plaintiff's use of an alleged public highway running through the defendants' property. The defendants deny that the road is a public highway, and allege that it is a mere private road. The plaintiff has a large quantity of hemlock bark which it is trying to get to market, and the only practicable way of doing this is to make use of the roadway in question, and the defendants contend that to permit the plaintiff to make use of this roadway is to endanger the game preserve and to do irreparable damage.

On the original application for an injunction restraining the defendants from interfering with the plaintiff's use of the roadway an undertaking in the sum of $250 was required. This was subsequently increased to $2,500, on the defendants' motion to set the order aside, and as a condition of the continuance of the injunction, and the case was sent to a referee

to hear and determine. The case has been on trial for some time; concededly large sums have been expended in bringing out the evidence necessary to the defense of the action. The moving papers show that up to the present time more than $2,500 has been expended by the defendants in defending their rights in this roadway, and this motion sought to have the amount of the undertaking increased to $10,000. This has been denied, and the defendants appeal from the order.

There seems to be no doubt that the defendants are limited to the amount of the undertaking for any damages which may be sustained by them in connection with this action and injunction. (*City of Yonkers* v. *Federal S. R. Co.*, 221 N. Y. 206.) The fact that the plaintiff is a wealthy corporation and able to respond in damages is not, therefore, of importance, except as it might bear upon the question of discretion in the court, and tend to show that the undertaking would not be burdensome, and might be necessary to fully protect the defendants. If this is, in fact, a private roadway then it is certain that the plaintiff has no right to make use of it for the purpose of carrying on its lumber business, and it is the duty of the court, if an injunction is to be maintained, to fully protect the defendants in their rights. " Discretion is such an enlargement of judicial power as makes it adequate to accomplish justice " (*Stevens* v. *Union Trust Co.*, 57 Hun, 498, 504), and if the defendants, who have been forced into this litigation to enable the plaintiff to carry on its business, are to be made subject to expenditures in the defense of their rights, which exceed the amount of the undertaking, no good reason suggests itself to us why the bond should not be enlarged to cover such expenditures. Accepting the rule contended for by the plaintiff that counsel fees and disbursements for experts incurred on the trial of the issues in the action are not allowable as damages, unless they were incurred solely or principally in consequence of the injunction, we see no reason, in a doubtful case, where it is not shown that the giving of the increased undertaking will seriously incommode the plaintiff, why the motion should not be granted, leaving the question of what should be allowed within the limits of the undertaking to abide the event of the trial. Obviously, the only purpose of this litigation is the enjoining of the defend-

ants from interfering with the use of this roadway by the plaintiff in carrying on its private business. The plaintiff is not interested in any rights of the public; it is litigating the status of this roadway for the purpose of affording a way for its product to market, and the facts appearing in the record indicate that the defendants have a good defense to the alleged cause of action, and that the plaintiff is merely asserting the alleged rights of the public in an effort to make use of this private property. If this is true, the plaintiff is not entitled to the aid of a court of equity, and the defendants should at least have the protection of a bond sufficient to cover any damages which they may have suffered by this invasion of their rights as a condition of the continuance of the injunction.

If this undertaking is given and the plaintiff succeeds it has suffered no injury, and if it is defeated it should be called upon to pay the damages which the defendants have sustained by reason of the injunction, which is the only purpose of the action, and which cannot be disposed of properly, as held by the court in refusing to set aside the order, without a trial of the issue tendered. If the defendants own the property — if this is a private roadway — then the damages which they will sustain will be by reason of the injunction, and the authorities hold that under such circumstances the losses are to be paid by the one who produces the condition necessitating the defense. But it is not necessary at this time to determine this particular question; the only matter of importance here is that the undertaking does not appear to be adequate to insure justice to the defendants if their contention is right. No more can be paid to them than the case warrants upon the termination of the trial, no matter how large the bond may be, and as the defendants are limited by the amount of the bond, though their damages should largely exceed it, we think a sound discretion requires that the undertaking should be increased to the amount asked by the defendants. If the plaintiff was impoverished, so that the giving of the undertaking might prove a serious embarrassment, it might be the duty of the court to look more carefully into the amount required, but under the circumstances of this case we think it is proper that the motion should be granted.

The order appealed from should be reversed, with ten

dollars costs and disbursements, and the motion of defendants should be granted.

All concurred, except John M. Kellogg, P. J., dissenting, and Lyon, J., not voting.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.